UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FRANCIS DEWYER,

                       Plaintiff,

         -against-

AUDUBON FINANCIAL BUREAU, LLC., and
ADAM D. MARCH, individually

                    Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

## NATURE OF ACTION

1. Plaintiff Francis Dewyer ("Plaintiff") brings this action pursuant to the Fair Debt Collection

   Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, seeking damages for the unlawful

   collection practices of Defendants Audubon Financial Bureau, LLC. ("Audubon"), and

   Adam D. March ("March"), individually.

## VENUE AND JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. §1692k *et seq.*, and 28 U.S.C. §1331.

3. If applicable, this Court also has pendent jurisdiction over any State law claims in this action

   pursuant to 28 U.S.C. §1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2).

   a. Venue and personal jurisdiction are proper in this District because Defendants do

      or transact business within this District.

## PARTIES

5.    Plaintiff is a natural person who at all relevant times herein, maintained his residence in

State of Maryland, County of Baltimore, at 6 Trolod Ct., Apt. G, Owings Mills, Maryland 21117.

6.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

7.      Upon information and belief, Defendant Audubon is a limited liability company chartered under the laws of the State of Delaware and authorized to conduct business in the State of Maryland, with its principal place of business located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

8.      Upon further information and belief, Audubon is engaged in the business of collecting debts incurred, and alleged to be incurred, for personal, family or household purposes.

9.      Upon information and belief and at all relevant times herein, Audubon is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

10.     Upon information and belief, Audubon regularly uses the mail and telephone in conducting business.

11.     Upon information and belief, Audubon was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

12.     Upon further information and belief, and at all relevant times herein, Audubon knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

13.     Upon information and belief, Defendant March, is an individual who is an owner of Audubon, and at all relevant times herein, regularly used the mail and telephone in conducting business, the main purpose of which is to collect consumer debts allegedly owed to others.

14.     Upon information and belief, as an owner of Audubon, March regularly engaged, directly and indirectly, in the collection of Plaintiff's debt.

15.     Upon information and belief, as an owner of Audubon, March materially participated in Audubon's collection activities.

16.     Upon information and belief, as a member-manager and/or shareholder of Audubon, March oversaw Audubon's day-to-day operations.

17.     Upon further information and belief, as an owner of Audubon, March exercised control over the affairs of Audubon's debt collection business.

18.     Upon further information and belief, March created and/or approved the script used by Audubon's debt collector representatives and employees when leaving messages for consumers.

19.     As such, March is a debt collector, as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

20.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     Plaintiff allegedly incurred a debt to an original creditor unknown to Plaintiff ("Alleged Debt").

22.     Upon information and belief, the Alleged Debt arose from a transaction in which money, property, insurance, or services that are the subject to the transaction were incurred primarily for personal, family, or household purposes.

23.     Beginning in or around December 2012, Defendants commenced collection activities against Plaintiff to recover the "Alleged Debt".

24.     In or around January 2013, Defendants or employees of Defendants started calling Plaintiff at Plaintiff's workplace.

25.     Plaintiff informed Defendants that personal calls were not allowed at work, and asked Defendants to stop calling him there.

26.     Despite being told not to call Plaintiff's workplace, Defendants continued to call Plaintiff's workplace.

27.     Plaintiff's employer recorded one of the phone calls, putting Plaintiff's career in jeopardy.

28.     Defendants coerced Plaintiff into agreeing to pay the Alleged Debt, by threatening to sue Plaintiff.

29.     Thereafter, Plaintiff cancelled this pending payment because Defendants refused to, and failed to, send him any proof of the Alleged Debt.

30.     Defendants again threatened to sue Plaintiff, unless Plaintiff would pay the Alleged Debt.

31.     Upon information and belief, Defendants can neither sue Plaintiff, nor did they intend to sue Plaintiff.

32.     Defendants' threatening conduct and abusive behavior was extremely demeaning to Plaintiff, and an invasion of both Plaintiff's privacy and confidentiality rights.

33.     The calls from Defendants to Plaintiff's workplace put Plaintiff's career in jeopardy and aggravated both the Plaintiff and Plaintiff's employer.

34.     The foregoing action by Defendant violated 15 U.S.C. §1692c(a)(3), which prohibits contacting a consumer at work after a debt collector knows that the employer prohibits such contact.

35.     The foregoing action by Defendant violated 15 U.S.C. §1692d, which prohibits engaging in conduct the natural consequence of which is to harass, oppress or abuse any person.

36.     The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of false, deceptive or misleading representation in attempt to collect a debt.

37.     The foregoing action by Defendant violated 15 U.S.C. §1692e(5), which prohibits threatening to take action that is not intended to be taken or that cannot legally be taken.

38.     The foregoing action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation or deceptive means in attempt to collect a debt.

39.     The foregoing action by Defendant violated 15 U.S.C. §1692f, which prohibits the use of unfair and unconscionable means in attempt to collect a debt.

40.     The foregoing action by Defendant violated 15 U.S.C. §1692g(a), which mandates that the Defendant provide a consumer with a 30-day notice of its dispute rights.

**COUNT I**
**Violation of 15 U.S.C. §1692c(a)(3)**
**AUDUBON**

41.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42.     Audubon's conduct violated 15 U.S.C. §1692c(a)(3) in that Audubon placed several phone calls to Plaintiff's place of employment after it knew that Plaintiff's employer prohibited such calls.

43.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

    **WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

5

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. §1692c(a)(3)**
**MARCH**

44.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45.     March's conduct violated 15 U.S.C. §1692c(a)(3) in that March placed several phone calls to Plaintiff's place of employment after he knew that Plaintiff's employer prohibited such calls.

46.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

   **WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant March, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. §1692d
### AUDUBON

47.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.   Audubon's conduct violated 15 U.S.C. §1692d in that Audubon used conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

49.   As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. §1692d
### MARCH

50.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs

numbered "1" through "49" herein with the same force and effect as if the same were set forth at

length herein.

51.     March's conduct violated 15 U.S.C. §1692d in that March used conduct the natural

consequence of which was to harass, oppress, and abuse Plaintiff.

52.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled

to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the

relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant March, as

follows:

A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.    For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.    For a declaration that the Defendant's practices violated the FDCPA; and,

E.    For any such other and further relief, as well as further costs, expenses and disbursements of

     this action, as this Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. §1692e
### AUDUBON

53.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs

numbered "1" through "52" herein with the same force and effect as if the same were set forth at

length herein.

54.     Audubon's conduct violated 15 U.S.C. §1692e in that Audubon used false, deceptive, and misleading representations in attempt to collect the Alleged Debt from Plaintiff.

55.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

   **WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

   A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

   B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

   C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

   D.   For a declaration that the Defendant's practices violated the FDCPA; and,

   E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. §1692e**
**MARCH**

56.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "55" herein with the same force and effect as if the same were set forth at length herein.

57.     March's conduct violated 15 U.S.C. §1692e in that March used false, deceptive, and misleading representations in attempt to collect the Alleged Debt from Plaintiff.

58.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant March, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT VII
## Violation of 15 U.S.C. §1692e(5)
## AUDUBON

59.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60.    Audubon's conduct violated 15 U.S.C. §1692e(5) in that Audubon threatened to sue Plaintiff when it had no legal right to do so and did not intend to do so.

61.    As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT VIII
## Violation of 15 U.S.C. §1692e(5)
## MARCH

62.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63.   March's conduct violated 15 U.S.C. §1692e(5) in that March threatened to sue Plaintiff when he had no legal right to do so and did not intend to do so.

64.   As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant March, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

<u>**COUNT IX**</u>
<u>**Violation of 15 U.S.C. §1692e(10)**</u>
<u>**AUDUBON**</u>

65.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

66.     Audubon's conduct violated 15 U.S.C. §1692e(10) in that Audubon used false representation and deceptive means in its attempt to collect the Alleged Debt from Plaintiff.

67.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT X
## Violation of 15 U.S.C. §1692e(10)
## MARCH

68.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein.

69.     March's conduct violated 15 U.S.C. §1692e(10) in that March used false representation and deceptive means in attempt to collect the Alleged Debt from Plaintiff.

70.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

   **WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant March, as follows:

   A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

   B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2(A)):

   C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

   D.   For a declaration that the Defendant's practices violated the FDCPA; and,

   E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT XI
## Violation of 15 U.S.C. §1692f
## AUDUBON

71.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "70" herein with the same force and effect as if the same were set forth at length herein.

72.     Audubon's conduct violated 15 U.S.C. §1692f in that Audubon used unfair and unconscionable means in its attempts to collect the Alleged Debt from Plaintiff.

73.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.    For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.    For a declaration that the Defendant's practices violated the FDCPA; and,

E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT XII
## Violation of 15 U.S.C. §1692f
## MARCH

74.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "73" herein with the same force and effect as if the same were set forth at length herein.

75.     March's conduct violated 15 U.S.C. §1692f in that March used unfair and unconscionable means in his attempts to collect the Alleged Debt from Plaintiff.

76.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant March, as follows:

    A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

    B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

    C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

    D.   For a declaration that the Defendant's practices violated the FDCPA; and,

    E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT XIII
## Violation of 15 U.S.C. §1692g(a)
## AUDUBON

77.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "76" herein with the same force and effect as if the same were set forth at length herein.

78.     Audubon's conduct violated 15 U.S.C. §1692g(a) in that Audubon failed to send Plaintiff a written notice with Plaintiff's 30-day right to dispute the debt.

79.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant Audubon Financial Bureau, LLC, as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.   For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT XIV
## Violation of 15 U.S.C. §1692g(a)
## MARCH

80. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "79" herein with the same force and effect as if the same were set forth at length herein.

81. March's conduct violated 15 U.S.C. §1692g(a) in that March failed to send the Plaintiff a written notice with Plaintiff's 30-day right to dispute the debt.

82. As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant March, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


## DEMAND FOR TRIAL BY JURY

83. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Francis Dewyer demands judgment from the Defendant Audubon

Financial Bureau, LLC, as follows:

F.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

G.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

H.    For attorneys fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

I.    For a declaration that the Defendant's practices violated the FDCPA; and,

J.    For any such other and further relief, as well as further costs, expenses and disbursements of

this action, as this Court may deem just and proper.


Dated:  New York, New York
        March 7, 2013

Respectfully submitted,


By:    s/ Jacob J. Scheiner
        Jacob J. Scheiner, Esq.
Fredrick Schulman & Associates
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053